IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN and NORA SCHUTT, a/n/f for A.S., CHERISH HOOPER, a/n/f for J.H., and GUADALUPE MARES, a/n/f for A.N. <br><br> Plaintiffs, <br><br> v. <br><br> GARLAND INDEPENDENT SCHOOL DISTRICT, MICHELE BURFORD, LESLIE COBURN, GRAYDENE BROWN, JENNIFER BENAVIDEZ, and MICHAEL ROELL, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. 3:17-cv-01708-B |
| MICHAEL ROELL, <br><br> Counter-Plaintiff, <br><br> v. <br><br> PLAINTIFFS, <br><br> Counter-Defendants. | § § § § § § § § § § § | Civil Action No. 3:17-cv-01708-B |
| MICHAEL ROELL, <br><br> Cross-Plaintiff, <br><br> v. <br><br> GARLAND INDEPENDENT SCHOOL DISTRICT, GRAYDENE BROWN, and JENNIFER BENAVIDEZ, <br><br> Cross-Defendants. | § § § § § § § § § § § § | Civil Action No. 3:17-cv-01708-B |

1

## <u>AMENDED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT</u>

Plaintiffs Stephen and Nora Schutt, a/n/f for A.S., Cherish Hooper, a/n/f for J.H., and Guadalupe Mares, a/n/f for A.N (Plaintiffs) and Defendants Garland Independent School District, Graydene Brown, and Jennifer Benavidez (Defendants). Plaintiffs and Defendants are collectively referred to as the Parties. The "Parties" specifically includes Defendant Michael Roell. In order to facilitate discovery while protecting confidential information that may be produced in discovery, including, but not limited to, documents, depositions, testimony at hearings or trial, pleadings, exhibits and other information exchanged by the parties or filed with the Court in this action, the Court orders as follows:

1.    <u>Protection of Documents and Designation of Confidentiality</u>. Documents that have been or will be produced by a Party in this litigation that contain information considered by the Producing Party to constitute confidential information of the Producing Party are hereinafter referred to as "Protected Documents." Except as otherwise indicated below, all documents designated by the Producing Party as "Confidential" that are produced or delivered by the Producing Party to the Receiving Party or to their attorneys in this action shall be Protected Documents and shall be given confidential treatment pursuant to the terms of the Agreed Protective Order until and unless the Parties formally agree in writing to the contrary or a determination is made by the Court as to the confidential status.

        a.    Any documents that have been or may be designated as "Confidential" shall be so designated by identifying the documents as "Confidential" (this includes, but is not limited to, the Producing Party's identification of written discovery responses as "Confidential").

        b.    The term "document" as used throughout the Agreed Protective Order shall be given its broadest possible meaning under the Federal Rules of Civil Procedure and includes videos or other recordings, electronically stored data, any deposition transcripts, or any portion thereof, and the Parties written discovery responses.

2

c.    Protected Documents shall not include:

    i.    Publicly available advertising materials;

    ii.    Materials that on their face show that they have been submitted to any public or governmental entity without a request for confidential treatment, unless the information contained within would be protected from disclosure to the public without the need for confidential treatment;

    iii.    Articles appearing in any publicly available publication; or

    iv.    Information already available to the public.

2.    <u>Confidential Documents Exchanged Between Active Parties.</u> Documents designated "Confidential" may only be released to active participants in this litigation. Any Party to this lawsuit who is not an active participant, including any Party subject to an order from the Court staying litigation with respect to that Party, shall not have access to any document designated "Confidential."

3.    <u>Challenge to Designation</u>. At any time after the delivery of documents, materials or testimony designated "Confidential," but before the designation of trial exhibits, counsel for the Receiving Party may challenge the confidential designation (or portion thereof) by providing written notice thereof to counsel for Producing Party. Said notice shall clearly identify the document or portions thereof that the Receiving Party claims should not be afforded "Confidential" treatment and the reasons supporting the Receiving Party's claims.

a.    Upon receiving written notice from the Receiving Party of a challenge to any "Confidential" designation, the Parties shall promptly confer regarding such challenge. If the Parties are unable to agree as to whether the confidential designation of a document or other material is appropriate, the Receiving Party may move for an order rescinding the designation as "Confidential" from a document or other material as to which designations are in dispute. The Producing Party shall have the burden of establishing that any such document or other material in dispute is entitled to protection from unrestricted disclosure.

b.   If the Receiving Party does seek to rescind the designation of any such disputed document(s) or other material(s) by filing an appropriate motion with the Court, then the document or other such material at issue will continue to be treated by all Parties in accordance with the designation made by the Producing Party until such time as the Court has ruled on the Receiving Party's motion and the exhaustion of any further relief, such as mandamus review of the Court's ruling.

4.   <u>Permissible Disclosures</u>. Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. Protected Documents or the contents thereof so disclosed shall be used solely for the prosecution and defense of this litigation. Except with the prior written consent of the Producing Party or upon further order of this Court, Protected Documents designated as "Confidential" may be disclosed only to the following persons (hereinafter referred to as Qualified Persons):

a.   The Parties' Outside Counsel of record to include all attorneys and staff employed by Outside Counsel. As of the date of the Agreed Protective Order the Parties have identified the following as their respective Outside Counsel:

Anthony O'Hanlon
Anthony O'Hanlon, P.C.
111 South Travis Street
Sherman, Texas 75090

Martin J. Cirkiel, Esq.
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664

Meredith Prykryl Walker
Laura Rodriguez McLean
Nona C. Matthews
Walsh Gallegos Trevino Russo & Kyle P.C.
105 Decker Court, Suite 600
Irving, Texas 75062

b.   Employees of such Outside Counsel and support personnel assigned to and necessary to assist such counsel in the preparation and trial of this action;

4

c.    Employees of any insurance company or risk pool providing coverage to any of the Parties in this action;

d.    Independent experts and consultants retained by the Parties or their Outside Counsel for the purpose of either (i) preparing testimony for a deposition, hearing or trial in this action, or (ii) advising and assisting Outside Counsel in the preparation of trial of this specific action, so long as prior to the disclosure of any Protected Documents the expert or consultant executes and delivers to the counsel of the Party who retained the expert or consultant the Acknowledgement of the Agreed Protective Order attached hereto as Exhibit A;

e.    Named parties to the lawsuit, including in-house counsel for any entity named as a Party, if any;

f.    Witnesses deposed or called to testify in the trial of this case, so long as prior to the disclosure of any Protected Documents the witness executes and delivers to all counsel of record the Acknowledgement of the Agreed Protective Order attached hereto as Exhibit A;

g.    The Court (including the Court's administrative and clerical staff), any special master or technical advisor appointed by the Court, if the Court makes any such appointment, or any mediator used by the Parties in this litigation in an attempt to resolve the litigation; and

h.    Court reporters and/or videographers used during depositions, and commercial photocopying, litigation support firms, and/or document retention/destruction firms used in conjunction with this litigation.

Execution of this Agreement does not prejudice any Party's right to move the Court to grant permission for an individual(s) other than those individuals enumerated in subsections (a) – (h) above, to review information marked "Confidential." At any time after the delivery of documents designated "Confidential," but before the designation of trial exhibits, counsel for the Receiving Party may seek to have additional individuals review materials designated as "Confidential" by providing written notice thereof to counsel for Producing Party. Said notice shall clearly identify (1) the additional individuals that the Receiving Party wishes to review the "Confidential" materials, (2) the "Confidential" materials that the Receiving Party wishes to have additional

5

individuals review, and (3) the reason that it is necessary for the additional individual to review the Confidential information/documents.

a.    Upon receiving such written notice from the Receiving Party, the Parties shall promptly confer regarding such additions. If the Parties are unable to reach an agreement within five (5) days of being noticed, the Receiving Party may move the Court for an order that grants permission for additional individuals to review certain "Confidential" materials.

b.    If the Receiving Party does receive either an agreement or court ordered permission for additional individuals to review the "Confidential" materials, then before disclosure, the additional individual(s) shall sign and deliver to the Producing Party the Acknowledgement of the Agreed Protective Order form attached hereto as Exhibit A.

5.    Summaries and Copies. The term "Protected Document" includes any copy thereof. "Copy" as used herein means any photographic, mechanical, electronic, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing. Before making copies for production, Protected Documents shall be marked "Confidential" by the Producing Party. Each and every page of each individual document that is to be a Protected Document must bear the notation "Confidential." Any summaries of labeled Protected Documents shall be marked with the designation: "Summary from Confidential Information," as the case may be, and shall be accorded the same status of confidentiality as the underlying confidential documents from which the summaries are made, and shall be subject to all of the terms of the Agreed Protective Order.

6.    Use of Protected Documents in Depositions.

a.    Any document, regardless of its designation, may be shown to a witness during that witness' deposition if it appears from the face of the document that it is one that was generated by or addressed to that witness.

b.    No document that has been marked as "Confidential" may be shown to any third-party witness during that witness' deposition without that witness first signing the "Acknowledgment of the Agreed Protective Order" in the form of Exhibit A attached hereto.

7.    Client Consultation. Nothing in the Agreed Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on an examination of designated Protected Documents.

8.    Inadvertent Disclosures. Inadvertent or unintentional production of documents or information that should have been designated "Confidential" shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality. A Producing Party can retroactively designate documents or information as "Confidential" in the event that any "Confidential" documents or information are inadvertently or unintentionally produced.

9.    Continuation/Non-termination of the Agreed Protective Order. After termination of this litigation, the provisions of the Agreed Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record or are otherwise determined by the Court not to be confidential. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Documents for enforcement of the provisions of the Agreed Protective Order following termination of this litigation.

10.    Subpoena by Other Court or Agencies. Should a Party receive a subpoena or similar request purporting to require production of any "Confidential" information, the subpoenaed Party shall provide written notice to the Producing Party within three (3) days of receiving such subpoena or request. Separately, the subpoenaed Party must wait at least ten (10) business days to produce responsive materials, unless (a) the Producing Party releases the subpoenaed Party from that obligation in writing or (b) the materials are sought in connection with a grand jury or criminal investigation by the government, in which case the subpoenaed Party shall not produce response materials until the day of the deadline to produce those materials provided for in the subpoena or request. The Producing Party shall be responsible for seeking whatever appropriate protective

orders or other relief it desires before such time that the Party receiving the subpoena or other order must comply with such subpoena or other order.

11.     Binding. The Agreed Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

12.     Modification. Neither the Agreed Protective Order, nor any provision of it, may be changed or amended orally, but only by an agreement in writing signed by all Parties. The Agreed Protective Order may be modified or amended either by agreement of the Parties or by order of the Court upon good cause shown. Additional protective orders may also be entered by agreement of the Parties.

13.     No Limitations on Testimony. Nothing in the Agreed Protective Order shall be construed to preclude the holding of any deposition or to limit the scope of any deposition questions or testimony.

14.     No Waiver. The Agreed Protective Order shall not be deemed a waiver of:

  a.     Any Party's right to object to any discovery requests on any ground;

  b.     Any Party's right to seek a protective order from any discovery;

  c.     Any Party's right to seek an order compelling discovery with respect to any discovery request;

  d.     Any Party's right in proceeding herein to object to the admission of any evidence on any ground;

  e.     Any Party's right to use its own documents and its own "Confidential" material in its sole and complete discretion;

  f.     Any Party's right to assert any privilege; or

  g.     Any Party's right to tender evidence at any proceeding, or trial, herein.

8

15.    <u>Return or Destruction of Protected Documents</u>. Within sixty (60) days after the final disposition of this litigation by settlement, trial, or any appeal thereof, any document and all reproductions of documents subject to this Agreed Protective Order in the possession of any of the persons qualified under Paragraph 3(a) through (f), except as this Court may otherwise order, shall be returned to the Producing Party or shall be destroyed by the Receiving Party. If the Receiving Party elects to destroy materials subject to this Agreed Protective Order, the Receiving Party will certify in writing to the Producing Party that the materials have been destroyed. Notwithstanding the foregoing, counsel shall be entitled to retain pleadings, memoranda, declarations, affidavits, transcripts, notes, summaries, expert reports, or other work product that attach, contain, or refer to "Confidential" information and are necessary to preserve a litigation file with respect to this action. As far as the provisions of any protective orders entered in this action restricting the communication and use of the Protected Documents or "Confidential" information thereunder, such orders shall survive and remain in full force and effect after the conclusion of this litigation.

16.    <u>No Effect On Other Confidentiality Requirements</u>. Nothing in the Agreed Protective Order shall be construed to effect or modify the obligations under Federal Rule of Civil Procedure 5.2.

Signed on this 30th day of April, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN and NORA SCHUTT, a/n/f for A.S., CHERISH HOOPER, a/n/f for J.H., and GUADALUPE MARES, a/n/f for A.N. | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-cv-01708-B |
| GARLAND INDEPENDENT SCHOOL DISTRICT, MICHELE BURFORD, LESLIE COBURN, GRAYDENE BROWN, JENNIFER BENAVIDEZ, and MICHAEL ROELL, | § § § § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| MICHAEL ROELL, | § § | |
| Counter-Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-01708-B |
| PLAINTIFFS, | § § | |
| Counter-Defendants. | § § | |

| | | |
|---|---|---|
| MICHAEL ROELL, | § § | |
| Cross-Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-cv-01708-B |
| GARLAND INDEPENDENT SCHOOL DISTRICT, GRAYDENE BROWN, and JENNIFER BENAVIDEZ, | § § § § | |
| Cross-Defendants. | § § | |

10

**EXHIBIT A**
**ACKNOWLEDGMENT OF THE AMENDED PROTECTIVE ORDER AND**
**CONFIDENTIALITY AGREEMENT**

1.      I have read and agree to be bound by all terms of the Amended Protective Order and Confidentiality Agreement in the above captioned litigation, which are incorporated by reference herein as though set forth at length. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division for enforcement of the Amended Protective Order and Confidentiality Agreement.

2.      I will only make such copies of or notes concerning document(s) designated "Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal, destruction, or return upon completion of this litigation.

3.      I will not reveal the contents of "Confidential" material to any unauthorized person.

4.      I will not use "Confidential" material for any purpose other than the prosecution or defense of this action. I will not use "Confidential" material for any business purpose, gain or for the solicitation of customers or business.

By:_____

_____
Printed Name and Title

11