UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN and NORA SCHUTT, a/n/f for A.S., CHERISH HOOPER, a/n/f for J.H., and GUADALUPE MARES, a/n/f for A.N., <br><br> Plaintiffs, <br><br> v. <br><br> GARLAND INDEPENDENT SCHOOL DISTRICT, MICHELE BURFORD, LESLIE COBURN, GRAYDENE BROWN, JENNIFER BENAVIDEZ, and MICHAEL ROLL, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-1708-B |
| MICHAEL ROELL, <br><br> Counter-Plaintiff, <br><br> v. <br><br> PLAINTIFFS, <br><br> Counter-Defendants. | § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-1708-B |
| MICHAEL ROELL, <br><br> Cross-Plaintiff, <br><br> v. <br><br> GARLAND INDEPENDENT SCHOOL DISTRICT, GRAYDENE BROWN, and JENNIFER BENAVIDEZ, <br><br> Cross-Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-CV-1708-B |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motions to dismiss filed by Defendants Garland Independent School District ("GISD"), Gradyne Brown, Jennifer Benavidez, and Plaintiffs Stephen and Nora Schutt, as next friend for A.S.; Cherish Hooper as next friend for J.H.; and Guadalupe Mares, as next friend for A.N.; against *pro se* Defendant Michael Roell. (Docs. 89, 102 & 104). These parties move to dismiss all crossclaims and counterclaims asserted by Roell for a variety of reasons, including for mootness, a failure to state a claim, and a lack of jurisdiction. As discussed below, the Court **GRANTS** Defendants' motions to dismiss (Doc. 102; Doc. 104) and also **GRANTS** Plaintiffs' motion to dismiss (Doc. 89).

## I.

## BACKGROUND

This case involves the alleged abuse of disabled students at the hands of a school district, teacher, and school officials. The current motions arise from a complaint filed on June 28, 2017, by parents Stephen and Nora Schutt on behalf of their minor child against GISD that named Roell, a teacher, as a defendant. Doc. 1, Compl. ¶ 2. On January 3, 2018, the Schutts filed a second amended complaint that named school officials Brown and Benavidez as additional defendants. Doc. 28, Second Am. Compl., 1. On April 17, 2018, the Court then consolidated this case, 3:17-CV-1708-B ("Schutt case"), with two later-filed cases, 3:17-CV-1776-B ("Hooper case") and 3:17-CV-3461-B ("Mares case"), which involved related allegations brought by similar parents and their minor children. Doc. 52, Consolidation Order, 1.

Prior to consolidation—and acting *pro se*, as he has throughout the entirety of this

litigation—Roell had filed crossclaims in each of the cases against GISD, Brown, and Benavidez. He also counterclaimed against all of the plaintiffs. Against all plaintiffs he counterclaimed for defamation, slander, and libel; against the Schutt plaintiffs he also added a gross-negligence claim. Doc. 38, Roell's Schutt Ans., 6; No. 3:17-cv-1776, Doc. 40, Roell's Hooper Ans., 6; No. 3:17-cv-3461, Doc. 14, Roell's Mares Ans., 6. In the Hopper and Mares cases, Roell crossclaimed against Defendants GISD, Brown, and Benavidez for hostile work environment and wrongful termination. No. 3:17-cv-1776, Doc. 40, Roell's Hooper Ans., 6; No. 3:17-cv-3461, Doc. 14, Roell's Mares Ans., 6. In the Schutt case, Roell filed these same crossclaims, but also added a claim for gross negligence. Doc. 38, Roell's Schutt Ans., 6 (alleging GISD, Brown, and Benavidez committed "[g]ross negligence for not providing information, including paperwork, about [student] to Michael Roell . . ., hostile work environment . . . and wrongful termination.").

Prior to consolidation, Plaintiffs never moved to dismiss Roell's claims. Brown and Benavidez filed motions to dismiss each of the crossclaims prior to consolidation. Doc. 46, Officials' MTD (Schutt case); No. 3:17-cv-1776, Doc. 49, Officials' MTD (Hooper case); No. 3:17-cv-3461, Doc. 18, Officials' MTD (Mares case). GISD also filed motions to dismiss each of the crossclaims prior to consolidation. Doc. 43, GISD's MTD (Schutt case); No. 3:17-cv-1776, Doc. 46, GISD's MTD (Hooper case); No. 3:17-cv-3461, Doc. 16, GISD's MTD (Mares case). Those motions were mooted when the case was consolidated. Doc. 52, Consolidation Order, 1 (denying as moot motions filed in No. 3:17-cv-1776 and No. 3:17-cv-3461); Doc. 53, Elec. Order (denying as moot motions filed in No. 3:17-cv-1708).

After consolidation, the plaintiffs from each case filed a third amended complaint on May 4, 2018, that consolidated their claims from the three separate cases. Doc. 56, Third Am. Compl. Roell

never filed an amended answer, nor reasserted his counterclaims before the Court stayed all proceedings relating to him, on July 13, 2018. *See* Doc. 73, Elec. Order. The same day, Plaintiffs filed a joint answer to Roell's counterclaims. Doc. 74, Pls.' Ans.

The next filing related to Roell was made on March 21, 2019, when Plaintiffs filed a motion to dismiss Roell's counterclaims. Doc. 89, Pls.' MTD; Doc. 90, Pls.' Br. The Court lifted the stay as to Roell on May 3, 2019, and extended his response deadline for the motion. A few days later, GISD, Brown, and Benavidez filed their own motions to dismiss. Doc. 102, Officials' MTD; Doc. 103, Officials' Br.; Doc. 104, GISD's MTD; Doc. 105, GISD's Br.

Brown and Benavidez moved for dismissal with prejudice on the grounds of mootness and failure to state a claim upon which relief can be granted. Doc. 103, Officials' Br., 5. GISD moved for dismissal with prejudice for a lack of subject matter jurisdiction and a failure to state a claim. Doc. 105, GISD's Br., 6–7, 9–10. Roell responded (Doc. 106) to both motions on May 28, 2019, providing more facts in support of his claims. Brown and Benavidez replied (Doc. 107) on May 31, 2019. The Court now considers the pending motions.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). To survive a 12(b)(6) motion, "enough facts to state a claim to relief that is plausible on its face" must be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At this stage, a court "must accept all well-pleaded facts alleged in the complaint as true and must construe the allegations in the light that is most favorable to the plaintiff." *J&J Sports Prods., Inc. v. Live Oak Cty. Post No. 6119 Veterans of Foreign Wars*, 2009 WL 483157, at *3 (S.D. Tex. Feb. 24, 2009) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs.*, 497 F.3d 546, 550 (5th Cir. 2007)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

"[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations omitted).

## III.

## ANALYSIS

The Court first will address whether any of Roell's claims are moot for failure to replead. Then the Court will addresses Roell's crossclaims against GISD, Brown, and Benavidez. Lastly, the Court will address Roell's counterclaims against Plaintiffs.

A. *Roell's Claims Are Not Moot For Failure to Replead*

Some of the parties argue that because Roell did not respond to the third amended

complaint, nor repled his counterclaims and crossclaims, his claims are moot. It does not appear that the Fifth Circuit has squarely addressed this issue, and the Federal Rules of Civil Procedure do not plainly resolve the question. *See e.g., Fenzel v. Grp. 2 Software, LLC*, 2016 WL 865363, at *3 n.3 (D. Md. Mar. 7, 2016). The few courts that have addressed this sort of question have reached differing conclusions, but many appear to consider the equities on each side. *See Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 705–06 (D. Md. 2011) (collecting cases). The Eighth Circuit, for example, has held that "an inflexible rule that counterclaims are always abandoned if not repleaded would not serve the interests of justice." *Davis v. White*, 794 F.3d 1008, 1016 (8th Cir. 2015). The Court sees no reason not to apply this logic to crossclaims as well.

In *Wilson*, for example, the court found that the defendant's counterclaims were not moot—even though he failed to reassert the counterclaims when answering subsequent amended complaints—because the defendant had otherwise manifested his interest to pursue the counterclaims. 813 F. Supp. 2d at 706 (for example, by defending against motions to dismiss and by moving to amend them). Here, because the case was quickly stayed as to Roell, he had no opportunity to manifest his intent to maintain his claims, as parties in other cases have. *See e.g., White*, 794 F.3d at 1016 (noting that the parties even undertook discovery on the counterclaim). Plaintiffs did answer Roell's counterclaims in an answer filed after they amended their complaint. Doc. 73, Pls.' Ans. And once the Court lifted the stay, Roell responded to the renewed motions to dismiss, requesting that his claims be considered live. Doc. 106, Roell's Resp., 1. While the Court is cognizant of the concerns of the other parties to the case, the Court finds that it would not be appropriate in this circumstance to dismiss Roell's claims, especially given his *pro se* status. Thus, the Court declines to dismiss Roell's claims on these grounds.

B.  *Roell's Crossclaims Against Defendants*

In response to Roell's crossclaims, Defendants raise several arguments. GISD argues that this Court lacks subject matter jurisdiction over Roell's crossclaims because he failed to exhaust his administrative remedies and that Roell failed to state a claim upon which relief can be granted. Doc. 105, GISD's MTD, 6–7, 9–10. Brown and Benavidez argue that Roell's claims are moot since they arose from previous complaints and do not specifically stem from the third amended complaint. Doc. 103, Officials' MTD, 3–4. Alternatively, they argue that the Court should grant their motion because Roell names the wrong defendant since employment discrimination and hostile-work-environment crossclaims are only authorized against the employer, GISD, and not Brown or Benavidez. *Id.* at 5. Lastly, they argue that Roell fails to achieve the *Iqbal* plausibility standard since he fails to provide factual allegations. *Id.* at 5–6. The Court addresses these arguments below.

    1.    <u>The Gross-Negligence Claims Against Defendants are Dismissed With Prejudice</u>

Roell asserts a gross-negligence claim against GISD. Doc. 38, Roell's Schutt Ans., 6. GISD asserts that it is entitled to governmental immunity against this claim. Doc. 104, GISD's Br., 4. The Court agrees. State entities are immune from suit unless the state has waived its immunity. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The Texas Tort Claims Act provides a limited waiver of immunity for certain suits, but for school districts like GISD, the Act's waiver is narrow, "encompassing only tort claims involving the use or operation of motor vehicles." *Id.* at 655–56 (citing Tex. Civ. Prac. & Rem. Code §§ 101.021 & 101.051). As none of Roell's crossclaims arise from the use or operation of a motor vehicle, the Court **DISMISSES with prejudice** Roell's gross-negligence claim against GISD.

Out of an abundance of caution, the Court construes Roell's gross-negligence crossclaim as

being asserted against Brown and Benavidez as well. GISD has moved to dismiss these crossclaims, citing Texas Civil Practice & Remedies Code § 101.106(e), which states: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Doc. 104, GISD's Br., 7 (arguing that "under this chapter" encompasses more than just lawsuits for which the TexasTort Claims Act waives immunity). Again, the Court agrees.

In a very factually similar case, the Texas Supreme Court held that "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission*, 253 S.W.3d at 659 (alteration in original). The Court went on hold that thus, "[u]nder subsection (e), [the school employee] would be entitled to dismissal of [the plaintiff's] suit against him upon the ISD's filing of a motion." *Id.* Here, GISD has moved to dismiss Roell's tort claims against Brown and Benavidez under § 101.106(e), which applies to the facts of this case, and thus the Court is bound to **DISMISS with prejudice** these gross-negligence claims.

2. <u>Employment-Related Claims Arise Only Against Employers, and Although Exhaustion of Administrative Remedies is Required, it is Not a Jurisdictional Bar</u>

The Court construes Roell's pleadings to assert Title VII and state-law claims against GISD, Brown, and Benavidez for hostile work environment and wrongful termination. Title VII provides for a private right of action to individuals that were harmed in the workplace from unlawful employment practices of an employer based upon "such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Notably, it does *not* authorize claims against non-employer individuals. *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir. 1994). Nor does state

employment law. *Thompson v. City of Arlington, Tex.*, 838 F. Supp. 1137, 1153 (N.D. Tex. 1993) (explaining how state employment law is construed in a manner consistent with Title VII and thus these claims can be raised only against a public employer, not its employees). Brown and Benavidez were not Roell's employer—GISD was—thus the Court **DISMISSES with prejudice** Roell's claims for hostile work environment and wrongful termination against Brown and Benavidez.

That leaves the two claims against GISD for hostile work environment and wrongful termination. GISD argues that these claims should be dismissed for failure to exhaust administrative remedies. Doc. 105, GISD's MTD, 6. To preserve Title VII rights, "employees must file a charge of discrimination with the EEOC 'within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *Scott v. Navarro Coll. Dist.*, 2018 WL 3820149, at *2, (N.D. Tex. Aug. 10, 2018) (quoting 42 U.S.C. § 2000e-5(e)). "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Thus the "administrative exhaustion requirement is not a jurisdictional bar to suit." *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306 (5th Cir. 2018). Instead, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Id.* at 307. The analogous state-law employment actions also require exhaustion with the Texas Workforce Commission. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010).

GISD raises this affirmative defense—that Roell "failed to exhaust these claims with the EEOC and/or the TWC." Doc. 105, GISD's MTD, 6. Indeed, Roell never asserts that he exhausted his administrative remedies. *See* Doc. 38, Roell's Schutt Ans., 6; No. 3:17-cv-1776, Doc. 40, Roell's Hooper Ans., 6; No. 3:17-cv-3461; Doc. 14, Roell's Mares Ans., 6; Doc. 106, Resp. Nor are there any filings with the EEOC or the TWC in the record that might allow the Court to infer that Roell

could show administrative exhaustion.

For this reason, GISD urges the Court to dismiss these crossclaims with prejudice. Doc. 103, Officials' MTD, 5; Doc. 105, GISD's MTD, 10. Roell provides no counterarguments to the affirmative defense of failing to exhaust his administrative remedies in his *pro se* response to the motions. Doc. 106, Resp. The Court thus examines whether "granting leave to amend would be frivolous." *See Ganheart v. Brown*, 2017 WL 3129803, at *2 (E.D. La. July 24, 2017) (hereinafter *Ganheart I*), *aff'd* 740 F. App'x 386 (5th Cir. 2018).

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Generally, "dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend" is error. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). However, this deference to providing claimants an opportunity to be heard must be balanced with the disruption this causes to public officials. *Jacquez*, 801 F.2d at 792. If the claimant alleged his "best case," then dismissal with prejudice may be justified. *Bazrowx*, 136 F.3d at 1054.

In *Ganheart I*, the court dismissed one employment-related claim with prejudice and the other four without prejudice. 2017 WL 3129803, at *2. The only claim dismissed with prejudice was so dismissed because the plaintiff had filed with the EEOC over 300 days after the alleged unlawful employment practice occurred, which was outside of the statute of limitations period. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)); *see* 42 U.S.C. § 2000e-5(e)(1). After allowing her to amend her complaint, the court again dismissed without prejudice another employment-related claim because she had not shown that she had exhausted her administrative

remedies, and even though the 300-day window in which to file with the EEOC had likely closed.[1] *See Ganheart v. Brown*, 2017 WL 3991182, *5 (E.D. La. Sept. 11, 2017) (hereinafter *Ganheart II*), *aff'd* 740 F. App'x 386 (5th Cir. 2018). However, the remaining claims, which included a hostile-work-environment claim, were dismissed with prejudice since she failed to respond to the motion to dismiss and it appeared she pled her best case. *Id.* at *6.

Here, Roell has not been afforded the opportunity to amend the deficiencies in his case. Despite the fact that it seems apparent that the time to file with the EEOC or TWC has surpassed the 300 days as required by the statute, the Court will allow Roell an opportunity to amend his complaint. *See Nat'l R.R. Passenger Corp.* 536 U.S. at 109; 42 U.S.C. § 2000e-5(e)(1). However, Roell is cautioned that in addition to showing that he has exhausted his administrative remedies, he must also allege sufficient facts to withstand another motion to dismiss. For his hostile-work-environment claim, this means he must allege facts showing that the harassment was because of a protected characteristic: his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1).[2] Likewise, for his wrongful-termination claim, Roell must allege that a protected characteristic was

---

[1] While the court found no evidence that the plaintiff filed with the EEOC, the court allowed her time to prove such or to file with the EEOC despite the incident arising in the "spring of 2016" and the court publishing the order to dismiss on September 11, 2017, over a year later. *See* Case No. 17-cv-0043-LMA-DEK, Doc. 23, Am. Compl., 1.

[2] There are five elements of a hostile-work-environment claim, all of which Roell's amended complaint must address: (1) plaintiff must belong to a protected group; (2) plaintiff was subjected to unwelcome harassment; (3) the harassment complained of was based on one of the protected characteristics; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *See, e.g. Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (describing the elements of a race-based claim). Not just any harassment will suffice, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (internal quotations omitted).

at play.[3] And currently his pleadings are devoid of all such allegations.

And insofar as Roell seeks to bring a state-law claim for wrongful termination, he must also allege that he has exhausted his administrative remedies with the Texas Commissioner of Education. *See Ollie v. Plano Indep. Sch. Dist.*, 383 S.W.3d 783, 792–93 (Tex. App.—Dallas 2012, pet. denied) (citing Tex. Educ. Code § 7.057(a)(2)(B)) (affirming the trial court's finding that it lacked subject matter jurisdiction over the plaintiff's wrongful-termination claim because she had failed to exhaust her administrative remedies, which included appeal to the Texas Commissioner of Education); *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545 (Tex. 2016) (reaffirming that this requirement is mandatory).

In summary, the Court **DISMISSES without prejudice** Roell's claims against GISD for wrongful termination and hostile work environment.

C. *Judicial Privilege Applies to Some of Roell's Counterclaims Against Plaintiffs; the Remainder Are Dismissed Without Prejudice*

Roell counterclaims for defamation, slander, and libel against all Plaintiffs; against the Schutt plaintiffs he also added a gross-negligence claim. Doc. 38, Roell's Schutt Ans., 6; No. 3:17-cv-1776, Doc. 40, Roell's Hooper Ans., 6; No. 3:17-cv-3461, Doc. 14, Roell's Mares Ans., 6. As an initial matter, the Court finds that Roell has not pled enough facts to state a claim. *See Twombly*, 550 U.S. at 570. Thus, dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted for all claims raised against Plaintiffs.

---

[3] To establish a prima facie case of wrongful termination Roell must specifically establish that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, the other similarly situated employees were treated more favorably, or that he was otherwise terminated because of his protected characteristic. *Lee v. Kansas City So. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

Additionally, Plaintiffs argue that at least some of Roell's claims should be dismissed with prejudice, citing *Deuell v. Texas Right to Life Committee, Inc.*, 508 S.W.3d 679 (Tex. App.—Houston [1st Dist.] 2016) to argue that judicial privilege bars Roell's tort claims. The court in *Deuell* explained:

> The judicial privilege applies to bar claims that are based on communications related to a judicial proceeding that seek defamation-type damages in name or in substance, i.e., damages for reputational harm. Communications made in the course of a judicial proceeding are absolutely privileged and will not serve as the basis of a civil action for libel, slander, or business disparagement, regardless of the negligence or malice with which they are made. This privilege extends to any statements made by the judges, jurors, counsel, parties, or witnesses and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits, and any pleadings or other papers in the case.
>
> Judicial privilege also extends to statements made in contemplation of and preliminary to judicial proceedings. To trigger the privilege, there must be a relationship between the correspondence and the proposed or existing judicial proceeding, which decision is made by considering the entire communication in context, resolving all doubts in favor of its relevancy.

*Id.* at 689–90 (internal citations and quotations omitted). In short, courts apply the privilege "'when the essence of a claim is damages that flow from communications made in the course of a judicial proceeding' and the claimant seeks reputational damages." *Id.* at 690 (quoting *Laub v. Pesikoff*, 979 S.W.2d 686, 691 (Tex. App.—Houston [1st Dist.] 1998, writ denied)). This is true "regardless of the type of claim alleged." *Id.* (citing *Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex. 1994)). But as the Fifth Circuit has recognized, "the privilege cannot be enlarged into a license to go about in the community and make false and slanderous charges against his court adversary and escape liability for damages caused by such charges on the ground that he had made similar charges in his court pleadings." *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 402 (5th Cir. 2017) (alterations incorporated) (quoting *De Mankowski v. Ship Channel Dev. Co.*, 300 S.W. 118, 122 (Tex.

- 13 -

Civ. App.—Galveston 1927, no writ)).

Here, Roell brings claims for defamation, slander, and libel against all plaintiffs and he seeks predominately reputational damages. Doc. 38, Roell's Schutt Ans., 6; No. 3:17-cv-1776, Doc. 40, Roell's Hooper Ans., 6; No. 3:17-cv-3461, Doc. 14, Roell's Mares Ans., 6. These are the exact sort of claims to which courts have applied judicial privilege when the claims are based on communications made in the course of or in contemplation of and preliminary to judicial proceedings. *See Bird*, 868 S.W.2d at 772. Thus, insofar as Roell's counterclaims are based on these types of communications, his claims are **DISMISSED with prejudice**. But in his response to the motions, Roell adds facts that could suggest that the parties at some points may have been acting outside the scope of judicial privilege. *See* Doc. 106, Roell's Resp., 1 (for example, alluding to statements made on Facebook and in the media). Thus, any counterclaims for defamation, slander, and libel that are based on acts that fall outside the realm of judicial privilege are **DISMISSED without prejudice**.

As for the gross-negligence counterclaim, Roell has not pled sufficient facts to survive a motion to dismiss. A claim for gross negligence involves two components:

> (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001). "The first element, 'extreme risk,' means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Id.* "The second element, 'actual awareness,' means that the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.*

The extent of Roell's claim and factual allegations against the Schutt plaintiffs are: "gross negligence for not informing [the school] and Michael Roell about A.S.'s behavioral needs on the first day of school . . . and for not immediately picking up A.S. when notified he was injured." Doc. 38, Roell's Schutt Ans., 6. These are insufficient factual allegations to support both elements of this claim, therefore the Court **DISMISSES without prejudice** the gross-negligence counterclaim against the Schutt plaintiffs.

**IV.**

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendants' motions to dismiss (Doc. 102; Doc. 104) and also **GRANTS** Plaintiffs' motion to dismiss (Doc. 89).

The Court **DISMISSES with prejudice** Defendant Michael Roell's crossclaims for gross negligence, hostile work environment, and wrongful termination against Gradyne Brown and Jennifer Benavidez. The Court **DISMISSES with prejudice** Roell's crossclaim for gross negligence against GISD.

The Court **DISMISSES without prejudice** Roell's crossclaims for hostile work environment and wrongful termination against GISD. Roell may replead these remaining claims against GISD within 30 days from the date of this order, but must allege sufficient facts to support these claims and must show that he has pursued the required administrative remedies, as described above.

The Court **DISMISSES with prejudice** Roell's counterclaims for defamation, libel, and slander against all Plaintiffs insofar as he brings claims for acts that fall within the realm of judicial privilege, as described above. Any counterclaims for defamation, slander, and libel that are based on acts that fall outside the realm of judicial privilege are **DISMISSED without prejudice**. The Court

also **DISMISSES without prejudice** Roell's counterclaims for gross negligence against the Schutt plaintiffs. Roell may replead these remaining claims within 30 days from the date of this order, but must allege sufficient facts to support these claims as described above.

Failure to replead within the 30 days allotted may result in dismissal of Roell's claims with prejudice and without further notice.

**SO ORDERED.**

**SIGNED: July 9, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE